

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-5-2008

# Patterson v. GlaxoSmithKline

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2235

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Patterson v. GlaxoSmithKline" (2008). *2008 Decisions*. Paper 264.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/264

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 07-2235
_____

AUGUSTUS C. PATTERSON,

Appellant

v.

GLAXOSMITHKLINE PHARMACEUTICAL COMPANY;
GEORGE HANNUM; MICHAEL MANACCHIO

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civ. No. 04-cv-04202)
District Judge: Honorable R. Barclay Surrick

_____

Submitted Under Third Circuit LAR 34.1(a)
September 11, 2008

Before: McKEE, CHAGARES GARTH, <u>Circuit Judges</u>

(Filed: November 5, 2008)
_____

OPINION
_____

PER CURIAM,

Appellant, Augustus Patterson, appeals the District Court's order denying his

motion to set aside the judgment filed pursuant to Fed. R. Civ. P. 60(b).  We affirm.

The facts and procedural history of this case are well known to the parties, and

thus need not be restated in detail here. Very briefly, in September 2004 Patterson, who was proceeding in a pro se capacity at the time, filed a complaint in the District Court alleging race discrimination against "GlaxoSmithKline Pharmaceutical Company." Attorney Reginald Allen thereafter entered an appearance on Patterson's behalf and filed an amended complaint. At the conclusion of discovery, appellees filed a motion for summary judgment. While that motion was pending, the parties pursued settlement negotiations and an agreement to settle the case was reached on August 31, 2005. Appellees' counsel promptly notified the court of the settlement, and the District Court entered an order on September 1, 2005 dismissing the action with prejudice pursuant to Local Rule 41.1(b).

On December 6, 2005, Patterson filed with the District Court a pro se "Motion to Formally Remove Petitioner's Attorney from Case #04 CV 4202, Sanction Petitioner's Attorney, Allow Pro Se or Substitute Representation and Rule on Relief Requested Herein." As the caption suggests, Patterson's motion contained a request that the District Court remove Attorney Allen from the case and allow Patterson to either represent himself or to obtain "alternative representation" so that, presumably, he could pursue his "pro se counter proposal" with counsel for appellees. Patterson also included in this motion criticisms of his attorney's performance during the taking of depositions, as well as allegations that Attorney Allen failed to provide him with relevant information and details regarding the proposed settlement agreement. The District Court summarily denied Patterson's motion in light of its dismissal of the action pursuant to Local Rule

41.1(b) three months earlier.  Patterson appealed that decision, arguing that fraudulent conduct on the part of Attorney Allen warranted, inter alia, the reopening of proceedings.

We affirmed the District Court's decision to the extent it denied Patterson's post-judgment motion seeking to remove his attorney and to the extent it denied as untimely Patterson's motion seeking to set aside the order of dismissal under Local Rule 41.1(b). Affording Patterson's pro se filing the liberal construction required by Haines v. Kerner, 404 U.S. 519, 520 (1972), however, we concluded that his motion could also be construed as one filed pursuant to Fed. R. Civ. P. 60(b).  Accordingly, we remanded the matter in order to allow the District Court to consider it in that light.  In accordance with our directive, the District Court conducted a Rule 60(b) hearing to determine whether Attorney Allen had fraudulently entered into the Settlement Agreement on Patterson's behalf without Patterson's authority.  Based upon the evidence and testimony presented at that hearing, the District Court concluded that Attorney Allen had express authority to settle the case with appellees on Patterson's behalf.  It thus denied Patterson's Rule 60(b) motion, as well as his subsequent motion seeking reconsideration.  This appeal followed.

We have jurisdiction over the instant appeal pursuant to 28 U.S.C. § 1291, and review the District Court's order denying Patterson's motion filed under Rule 60(b) for an abuse of discretion.  See Brown v. Phila. Hous. Auth., 350 F.3d 338, 342 (3d Cir. 2003). After careful review of the parties' submissions and for essentially the same reasons as those set forth by the District Court, we will affirm its entry of judgment in favor of the appellees.

As the District Court noted, despite Patterson's claims that he never authorized Attorney Allen to enter into a settlement agreement, his words and actions indicated otherwise. In addition to the testimony of Attorney Allen that he had authority from Patterson to settle, testimony which the District Court found credible and was supported by the testimony of defense counsel Berkowitz, the District Court also considered Patterson's actions in corresponding with opposing counsel and extending a "counter" settlement offer of $81,902 – a far cry from the $1.5 million or even $250,000 that Patterson claimed to have wanted and a near identical amount to the $80,000 negotiated by Allen. These actions certainly add nothing in the way of support for Patterson's contention that he did not agree to a settlement and that his attorney's actions were unauthorized. In fact, we agree with the District Court that those actions support just the opposite conclusion. Patterson has thus failed to demonstrate that the District Court's decision "rests upon a clearly erroneous finding of fact, an errant conclusion of law or an improper application of law to fact," In re Cendant Corp. Prides Litigation, 234 F.3d 166, 170 (3d Cir. 2000), and we can find no abuse of discretion on its part in denying his Rule 60(b) motion.

Accordingly, we will affirm the judgment of the District Court. Appellees' motion for leave to file Volume II of the Supplemental Appendix under seal is granted.